UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| RODORRIO WELLS,<br><br>    Petitioner,<br><br>V.<br><br>MICHAEL SEPANEK, Warden,<br><br>    Respondent. | Civil Action No. 7: 16-123-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Rodarrio Wells is confined at the United States Penitentiary-Big Sandy in Inez, Kentucky. Proceeding without an attorney, Wells has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

In October 1995, a grand jury for the Superior Court for the District of Columbia issued an indictment in Case No. F-8738-95 charging Wells with twenty crimes ranging from armed robbery, armed kidnapping, and carjacking, to assault with intent to kill, first degree felony murder, and possession of a firearm during the commission of a violent felony. Following a jury trial in September 1996, Wells was convicted on fourteen of these counts, and in December of that year was sentenced to a cumulative term of 30 years to life in prison. An appeal was taken, but upon remand a revised judgment was entered in December 1999 sentencing Wells to a cumulative term of imprisonment for 45 years to life. [R. 1-2 at 6-7]

Wells had also been charged in October 1995 in a separate case, Case No. F-8891-95, with armed robbery, premeditated first degree murder, felony murder, possession of a firearm during a crime of violence, and carrying a pistol without a license. [R. 1-2 at 2-4] On October 12, 1996, Wells pled guilty to the felony murder count in exchange for the dismissal of the other charges.

1

On December 6, 1996, the Superior Court sentenced him to 15 years to life imprisonment to run consecutively to any other sentence. [R. 1-2 at 8]

In June 2016, Wells filed pro se motions to vacate his convictions or sentences in both cases pursuant to D.C. Code § 23-110. The Superior Court denied that motion in Case No. F-8738-95 on January 24, 2017; the motion in Case No. F-8891-95 remains pending as of this writing.[1]

In his petition, Wells states that the Bureau of Prisons' Sentence Monitoring Computation Data sheet identifies the sections of the D.C. Code he violated when he was convicted in 1996, but that the present versions of these code sections now relate to wholly different matters, such as unwholesome food. Wells contends that the mismatch between the conduct proscribed by the prior versions of the statutes of offense and their current subject matter somehow violates his due process rights under the Fifth Amendment because he was not, in 1995, given notice in the indictment that he was violating the rules set forth in the current version of the statute. [R. 1-1 at 1-5] He also asserts without explanation that *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) somehow "declared" the D.C. statutes that criminalized his conduct unconstitutional. [R. 1-1 at 6]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). However, Wells may not challenge his D.C. Code convictions and sentences pursuant to 28 U.S.C. § 2241 in this instance. The District of Columbia is not a state, and hence he may not seek habeas relief under

---

[1] This summary of the relevant procedural background is derived from Wells' petition and the documents he filed in support of it, as well as from the docket in both of his prior criminal actions at the Superior Court's website, https://www.dccourts.gov/cco/maincase.jsf (last visited on May 24, 2017).

28 U.S.C. § 2254. Rather, he must challenge his convictions in the Superior Court for the District of Columbia utilizing the District's own mechanism for collateral attacks, D.C. Code § 23-110. That statute, which is modeled after 28 U.S.C. § 2255, provides a mechanism for post-conviction motions by prisoners convicted of D.C. Code offenses. *Swain v. Pressley*, 430 U.S. 372, 376-78 (1977); *Palmore v. United States*, 411 U.S. 389, 395 (1973). Wells must therefore seek relief under that provision in the Superior Court for the District of Columbia. *Ford v. Wiley*, 168 F. App'x 877, 880 (11th Cir. 2006) ("[f]ederal courts ... are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D.C. Superior Court.").

Section 23-110 does contain a "savings clause" that is nearly identical to the one found in Section 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). Thus, to pursue his claims in this Court, Wells must demonstrate that his remedy under Section 23-110 is "inadequate or ineffective" to challenge his D.C. Code convictions. *Rogers v. Zuercher*, No. 09-03-ART, 2009 WL 499118, at *2 (E.D. Ky. Feb. 27, 2009) (citing *Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998)); *Perkins v. Henderson*, 881 F. Supp. 55, 57 (D.D.C. 1995).

Here, Wells cannot invoke Section 2241 to seek habeas relief. Section 23-110 is not an inadequate or ineffective mechanism to challenge prior convictions simply because a petitioner has been denied relief under it. *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). And that remedy is not unavailable merely because a petitioner has not sought relief based on his present claims under that provision at all. *Totten v. Ives*, No. 12-23-GFVT, 2012 WL

3

1409667, at *1 (E.D. Ky. Apr.23, 2012) (citing *James v. Edwards*, 1989 WL 4972, at *1 (D.D.C. 1989) ("[P]etitioner's claim of ineffective assistance must be dismissed because petitioner has not raised this claim in the local courts.")).

Nor does Wells assert that he is "actually innocent" of his offenses on the ground that after his convictions became final, the Supreme Court re-interpreted the substantive terms of the criminal statutes under which he was convicted in a manner that establishes that his conduct did not violate the statutes. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). Instead, Wells argues that his convictions are void because the D.C. Code sections cited in the 1995 grand jury indictments and 1996 criminal judgments have since been amended and now relate to different subject matters. This claim is self-evidently meritless, but more fundamentally is one that is not predicated upon newly-decided Supreme Court authority. If anything, this claim appears to be a challenge to the jurisdiction of the trial court, and hence is one that he must pursue in a motion for collateral review in the trial court. D.C. Code § 23-110(a)(2). Federal habeas review is therefore unavailable.

Finally, while Wells refers to the *Johnson* decision as a basis for relief, the Supreme Court has declared that decision to be retroactively applicable to cases on collateral review, *Welch v. United States*, __ U.S. __ 136 S. Ct. 1257 (2016), and hence his remedy under Section 23-110 is not inadequate and ineffective to assert a claim under it. Cf. *Woodson v. Meeks*, No. 0:15-4209-BHH, 2016 WL 8669184, at *1 (D.S.C. Oct. 14, 2016); *Lewis v. Butler*, No. 16-135-DLB, 2016 WL 4942005, at *2-3 (E.D. Ky. Sept. 14, 2016).

Accordingly, **IT IS ORDERED** that:

1. Petitioner Rodorrio Wells' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Order.

Dated June 5, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY